UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ENANTA PHARMACEUTICALS, INC., | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )    Civil Action No. 22-10967-DJC <br> ) |
| PFIZER INC. | ) <br> ) |
| Defendant. | ) <br> ) |

ORDER ON PFIZER INC.'S MOTION TO COMPEL PRODUCTION
OF DOCUMENTS IMPROPERLY WITHHELD AS PRIVILEGED[1]
[Docket No. 160]

May 7, 2024

Boal, M.J.

Defendant Pfizer Inc. has filed a motion requesting that the Court review representative samples of Enanta Pharmaceuticals, Inc.'s redactions in camera and order Enanta to produce any document categories that the Court deems not privileged. Docket No. 160. After a hearing on March 13, 2024, this Court granted the motion only to the extent that it ordered Enanta to provide the representative documents for in camera review. See Docket No. 216. On April 23, 2024, this Court held an ex parte, sealed hearing with Enanta's counsel regarding the documents. After careful review and consideration of the parties' submissions and arguments, and after review in camera of the representative documents, I order as follows.

---

[1] On January 29, 2024, Judge Casper referred the motion to the undersigned.

1

I.     FACTUAL BACKGROUND

In this action, Enanta seeks to enforce United States Patent No. 11,358,953 (the "'953 Patent") over "Functionalized Peptides as Antiviral Agents." The '953 Patent claims a group of novel compounds that inhibit a viral enzyme called 3CL protease ("3CLpro"), which plays a critical role in the replication of SARS-CoV-2, the virus that causes COVID-19. See Docket No. 1-1 at 4.[2] Enanta alleges that nirmatrelvir, one of the two components of Pfizer's Paxlovid, falls within the group of molecules covered by the '953 Patent. See Complaint at ¶¶ 31-38, 44-49; Docket No. 1-2.

Pfizer, on the other hand, alleges that this case concerns Enanta's efforts to take credit for Paxlovid. Docket No. 161 at 4. On April 6, 2021, at a virtual meeting of the American Chemical Society ("ACS"), Pfizer's scientists publicly revealed the chemical structure of nirmatrelvir. Docket No. 198 at 5. Dr. Panarese was in attendance and recorded Pfizer's presentation. Id. He shared the video and exchanged communications about it with others at Enanta. See id. It is Pfizer's position that significant revisions of the patent are based on Pfizer's work in developing nirmatrelvir, disclosed in the April 2021 presentation, and recorded and circulated by Dr. Panarese. Id. at 6; see also Docket No. 201 at 6.

By this motion, Pfizer argues that Enanta has improperly withheld several categories of documents on privilege grounds: (1) Enanta's scientist's reactions and impressions to Pfizer's disclosure of nirmatrelvir's chemical structure; (2) ordinary scientific discussions; (3) scientific slide decks; (4) corporate goals; and (5) company-wide emails. See Docket No. 161 at 8-23.

---

[2] Citations to "Docket No. ___" are to documents appearing on the Court's electronic docket. They reference the docket number assigned by CM/ECF, and include pincites to the page numbers appearing in the top right corner of each page within the header appended by CM/ECF.

II.      LEGAL FRAMEWORK

"Where, as here, the communications at issue concern infringement and other substantive matters relating to patent law, Federal Circuit law applies to determine whether those documents are discoverable." Philips North Am. LLC v. Fitbit LLC, 583 F.Supp.3d 251, 262 (D. Mass. 2022) (citing In re EchoStar Commc'ns Corp., 448 F.3d 1294, 1298 (Fed. Cir. 2006)).  Enanta, as the party asserting privilege, bears the burden of establishing that the information it seeks to withhold is in fact privileged.  See id. (citations omitted).

"The attorney-client privilege protects the confidentiality of communications between attorney and client made for the purpose of obtaining legal advice." EchoStar, 448 F.3d at 1300. The privilege "is construed narrowly and 'only to the extent necessary to achieve its underlying goal of ensuring effective representation though open communication between lawyer and client.'" ACQIS, LLC v. EMC Corp., No. 14-13560-ADB, 2018 WL 1307650, at *4 (D. Mass. Feb. 8, 2018) (citing In re Grand Jury Subpoena, 274 F.3d 563, 571 (1st Cir. 2001)).

Communications among employees "that discuss or relay counsel's legal advice . . . are privileged to the extent that the employees are in a 'need to know' position or bear some responsibility for the subject matter underlying the consultation." Davine v. Golub Corp., No. 3:14-30136-MGM, 2017 WL 517749, at *2 (D. Mass. Feb. 8, 2017) (citations omitted).  In addition:

> [a] communication from one corporate employee to another may be privileged even though it does not reflect legal counsel's advice if the communication was about matters within the scope of the employee's duties and responsibilities, and "the employee was aware that the communication was made in order to enable [the corporation's] attorneys to provide legal advice to the corporation and understood the [matter] to which the communication related was to be treated as confidential."

Id. (citation omitted).

3

Courts have also found that the attorney-client privilege "may attach to communications between nonlegal employees where: (1) the employees discuss or transmit legal advice given by counsel; and (2) an employee discusses her intent to seek legal advice about a particular issue." Dolby Labs. Licensing Corp. v. Adobe, Inc., 402 F.Supp.3d 855, 866 (N.D. Cal. 2019) (citations omitted). "A vague declaration that states only that the document 'reflects' an attorney's advice is insufficient to demonstrate that the document should be found privileged." Id. (citation omitted).

III. DISCUSSION

    A. Documents Containing Substantive Discussions That Enanta Maintains Reflect Attorney-Client And Patent Agent Communications

Exhibits B, F (slide 2), L, O, R, and S contain substantive discussions or other substantive information that Enanta maintains reflect attorney-client and patent agent communications with Elmore Patent Law regarding patent prosecution matters and do not reflect the scientists' personal impressions. The documents themselves do not contain evidence that the redacted information came from attorney or patent agent communications. At the April 23, 2024 hearing, Enanta's counsel made certain representations regarding these documents but such representations have not been supported by any sworn declarations. On the present record before the Court, therefore, Enanta has not met its burden to prove that the redacted information is privileged. Nevertheless, this Court will give Enanta an opportunity to do so. Within two weeks, Enanta shall file declaration(s) supporting its assertions. The declarations may be filed ex parte and under seal but Enanta shall serve a redacted version on Pfizer's counsel with as much information as possible unredacted.

      B.      <u>Documents Containing Discussions About Process</u>

Exhibits F (slide 1), G, H, M, and N contain factual or what Enanta characterizes as "process" information (<u>e.g.</u>, whether a patent application has been filed or is about to be filed). I find that Enanta has not shown that such information is privileged. Enanta shall review its production to unredact information that falls under this category.

      C.      <u>Documents Containing Privileged Information</u>

After review of Exhibits E, P, Q, T, and V, this Court finds that the redacted information is privileged.

IV.      <u>ORDER</u>

For the foregoing reasons, this Court orders Enanta to submit declaration(s) to support its assertions of privilege with respect to Exhibits B, F (slide 2), L, O, R, and S. It also orders Enanta to remove its redactions of Exhibits F (slide 1), G, H, M, and N and to review its production to unredact information that falls under the "process" category.

      /s/ Jennifer C. Boal
      JENNIFER C. BOAL
      United States Magistrate Judge